| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

---------------------------------------------------------------x
HENRY C. LATHAM,

                              Plaintiff,                    MEMORANDUM AND ORDER

            -against-                            10-CV-2768 (JG)

NEW YORK HARBOR VETERAN
OUTPATIENT HOSPITAL, and
MEEK MOSES,
                          Defendants.
---------------------------------------------------------------x

JOHN GLEESON, United States District Judge:

        *Pro se* plaintiff Henry C. Latham filed this action on June 15, 2010. Magistrate Judge Ramon Reyes found the original complaint incomprehensible and directed Latham to file an amended complaint, which he did on August 24, 2010. I grant Latham's request to proceed *in forma pauperis* solely for the purpose of this order. Because I am unable to determine what claim he is advancing, I dismiss the complaint without prejudice.

## DISCUSSION

        A court must liberally construe a *pro se* plaintiff's pleadings and interpret his complaint to raise the strongest argument it suggests. *See McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B)(ii), a court must dismiss an *in forma pauperis* action -- even one brought *pro se* -- if it determines that the action fails to state a claim on which relief may be granted.

        Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8

does not require much, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Latham's complaint fails even this test. From what I can decipher, his statement of claim appears to consist entirely of "United States Constitution against cruel unusual punishment," and a few illegible phrases containing the words "hospital" and "Brooklyn."[1]

## CONCLUSION

The complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. *In forma pauperis* status is denied for purpose of an appeal because any appeal from this order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

So ordered.

John Gleeson, U.S.D.J.

Dated: August 26, 2010
       Brooklyn, New York

---

[1] Latham has filed at least six other incomprehensible complaints in this court. *See Latham v. John*, No. 09-CV-3398 (dismissed without prejudice on August 20, 2009); *Latham v. Transit Auth. Civil Gov't*, No. 09-CV-1009 (dismissed without prejudice on July 16, 2009); *Latham v. Civil Gov't Transit Bldg.*, 08-CV-2522 (dismissed without prejudice on July 17, 2008); *Latham v. VA Outpatient Hospital*, No. 06-CV-6758 (dismissed on January 11, 2007); *Latham v. New York Psychotherapy*, No. 04-CV-2945 (dismissed without prejudice on Sept. 3, 2004); *Latham v. Iappil et al.*, No. 02-CV-2523 (dismissed on June 27, 2002).